NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: JOHN WILLIAM BUDGICK, II,<br><br>Debtor.<br><br>EDUCATIONAL CREDIT MANAGEMENT CORP.,<br><br>Appellant,<br><br>v.<br><br>JOHN WILLIAM BUDGICK II,<br><br>Appellee. | Civ. No. 23-21341 (GC)<br><br>On Appeal from<br>Bankruptcy Case No. 23-10625 (MBK)<br>Adversary Pro. No. 23-01134 (MBK)<br><br>**OPINION** |

**CASTNER, District Judge**

  **THIS MATTER** comes before the Court upon Education Credit Management Corporation's (ECMC) appeal of the United States Bankruptcy Court for the District of New Jersey's August 31, 2023 Order granting default judgment in Adversary Proceeding Number 23-01134 (Civ. No. 23-21341, ECF No. 1);[1] and Appellee John William Budgick II's Motion to Dismiss the appeal (ECF No. 5). ECMC was not a named party in the adversary proceeding and appeals as an "interested party." (ECF No. 1 at 1.) Following briefing by the parties, the Court has carefully considered the parties' submissions and decides the matter without oral argument

---

[1] Because the present matter involves filings in three separate dockets, the Court notes the civil action number of the docket before the specific record cite when necessary. Once a civil action number is cited, subsequent record cites refer to that docket until a different civil action number is cited. Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

pursuant to Federal Rule of Bankruptcy Procedure 8013(c) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Appellee's Motion to Dismiss is **DENIED**, and the bankruptcy court's Order is **AFFIRMED**.

**I.      BACKGROUND**

On January 25, 2023, Appellee John William Budgick II (the Debtor) initiated a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, which is docketed at Case No. 23-10625. (ECF No. 15 at 7.) The petition's list of non-priority unsecured claims included three claims designated as "student loans" (together, the Loans). (ECF No. 16 at 86.) The Loans consist of two Stafford loans and one loan made under the Federal Family Education Loan Program (FFELP). (*Id.*)

On May 9, 2023, pursuant to FFELP's requirements, the Debtor initiated an adversary proceeding docketed at Case No. 23-01134 to determine the dischargeability of his student loans. (*Id.* at 87 (citing 34 C.F.R. § 682.402(f)(5).) The Debtor sought an undue hardship discharge of his student loans pursuant to Section 523(a)(8) of Title 11. (ECF No. 15 at 7.) On May 24, the Debtor filed an amended complaint naming Ascendium Education Solutions, Inc. as the sole Defendant. (*Id.* at 10.) At the time, Wells Fargo was the lender of the Loans; Navient Solutions, LLC was the servicer; and Ascendium Education Solutions, Inc. was the guarantor. (ECF No. 16 at 87.) After the adversary proceeding commenced, Wells Fargo — through its servicer, Navient — submitted a guaranty claim to Ascendium. (*Id.*) On June 5, 2023, Navient filed a proof of claim[2] on behalf of Ascendium in the Chapter 7 proceeding. (Civ. No. 23-10625, ECF No. 1-1 at 1.) The proof of claim identified the Debtor, an address where mailings could be served upon

---

[2]      "A proof of claim is a written statement setting forth a creditor's claim." Fed. R. Bankr. P. 3001(a).

Ascendium, and the docket numbers of both the Chapter 7 proceeding and the adversary proceeding. (*Id.*)

Ascendium never appeared in the adversary proceeding or responded to the Debtor's amended complaint. Instead, on June 8, 2023, ECMC filed an Answer to the Debtor's amended complaint. (Civ. No. 23-01134, ECF No. 6.) ECMC is "a federal student loan guarantor in the [FFELP]." (*Id.* at 1 n.1.) In its Answer, ECMC claimed that it was the current holder of the Debtor's student loans. (*Id.* ¶ 3.) Thus, ECMC claimed to be "the proper party-in-interest in this lawsuit . . . and will be seeking to intervene in this adversary proceeding." (*Id.* at 1 n.1.)

On June 12, the Debtor filed a motion asking the bankruptcy court to deny ECMC the ability to intervene as a party defendant in the adversary proceeding.[3] (ECF No. 7.) ECMC opposed. (ECF No. 19.) ECMC stated in its opposition that "[b]y agreement, Ascendium assigns to ECMC its student loan accounts for borrowers that have filed an adversary proceeding." (*Id.* ¶ 3.) On June 20, 2023, Ascendium had "assigned all right, title, and interest to the Loans to ECMC," and ECMC was therefore the current holder of the Loans. (*Id.*) ECMC also attached the letter from Ascendium dated June 20, 2023 purporting to assign its interest in the Loans to ECMC. (*Id.* at 5.) ECMC asked the bankruptcy court to deny the Debtor's motion, but did not move to intervene or substitute Ascendium in the case. (*Id.* ¶ 5.)

On August 1, the Debtor filed a request to enter default against Ascendium and for default judgment. (ECF Nos. 25 & 26.) Default was entered against Ascendium on August 2. (ECF No. 29.) On August 15, the bankruptcy court held a hearing on the Debtor's motions regarding

---

[3]   The Debtor styled his motion as a "Motion to Deny Consent." (*See* Civ. No. 23-21341, ECF No. 22 at 2.) According to the Debtor, the purpose of the motion was to document that counsel for ECMC privately asked the Debtor whether he would consent to ECMC's intervening in the proceeding, and the Debtor declined. The Debtor asked the bankruptcy court to find that ECMC lacked standing to intervene. (Civ. No. 23-21341, ECF No. 22 at 2; ECF No. 5-7 at 3.)

intervention and default judgment. (ECF No. 39.) The bankruptcy court granted default judgment on the record, finding that the single defendant on notice of the adversary proceeding had failed to answer, ECMC was a non-party and had not filed a motion to intervene, and the Debtor had established a prima facie case showing that his debts owed to Ascendium were dischargeable. (*Id.* at 8.) The court advised that ECMC was "entitled . . . after entry of a judgment, to move to vacate the judgment," but first, ECMC would have to move to reopen the case and move to intervene. (*Id.* at 8-9.)

On August 31, the bankruptcy court entered a default judgment in favor of the Debtor and against Ascendium, "determining that all debts owing by [the Debtor] to [Ascendium] as of the date of the petition are hereby discharged." (ECF No. 34 at 2.) ECMC then filed a motion to reconsider the order granting default judgment. (ECF No. 37.) In a hearing on October 5, 2023, the bankruptcy court denied the motion for reconsideration. (ECF No. 53.) This appeal followed.

## II.   LEGAL STANDARD

In cases originating in the bankruptcy court, this Court occupies the first level of appellate review. 28 U.S.C. § 158(a)(1) grants a district court jurisdiction "to hear appeals from final judgments, orders and decrees" of the bankruptcy court. A court considering such an appeal "review[s] the bankruptcy court's legal determinations *de novo*, its factual findings for clear error, and its discretionary decisions for abuse of discretion." *In re Imerys Talc Am., Inc.*, 38 F.4th 361, 370 (3d Cir. 2022) (quoting *In re Somerset Reg'l Water Res., LLC*, 949 F.3d 837, 844 (3d Cir. 2020)). And a court "must break down mixed questions of law and fact, applying the appropriate standard to each component." *Meridian Bank v. Alten*, 958 F.2d 1226, 1229 (3d Cir. 1992) (quoting *In re Sharon Steel Corp.*, 871 F.2d 1217, 1222 (3d Cir. 1989)).

### III.  DISCUSSION

#### A.  Motion to Dismiss

The Debtor moves to dismiss ECMC's appeal of the bankruptcy court's August 31, 2023 default judgment as untimely. (Civ. No. 23-21341, ECF No. 5 at 1.) A party must file a notice of appeal in the bankruptcy court within fourteen days of the entry of a final order. Fed. R. Bankr. P. 8002(a). This requirement is jurisdictional. *See In re Carbone*, 640 F.2d 108, 113 (3d Cir. 2001). But certain post-judgment motions, such as a motion for reconsideration, toll the deadline for appeals of underlying orders. *See* Fed. R. Bankr. P. 8002(b)(1)(B); *In re Syntax-Brillian Corp.*, 689 F. App'x 145, 148 n.2 (3d Cir. 2017).

Here, the bankruptcy court denied ECMC's motion for reconsideration on October 6, 2023. (Civ. No. 23-01134, ECF No. 42.) Thus, an appeal of the underlying default judgment was due within fourteen days, or by October 20, 2023. *See Syntax-Brillian Corp.*, 689 F. App'x at 148 n.2. ECMC filed its notice of appeal in the bankruptcy court on October 18, 2023. (ECF No. 46.) Thus, ECMC's notice of appeal was timely under Fed. R. Bankr. P. 8002(b)(1)(B). The Debtor's motion to dismiss on this basis is denied, and the Court has jurisdiction over this appeal under 28 U.S.C. § 158(a)(1).

#### B.  Default Judgment

ECMC contends that the bankruptcy court erred when it entered a default judgment against Ascendium in spite of the evidence before the bankruptcy court showing that ECMC was the current holder of the Loans. "A trial court has wide discretion in determining whether to enter a default judgment, and its decision will not be overturned, unless there is an abuse of discretion. *In re Park*, 272 B.R. 323, 329 (D.N.J. Bankr. 2001). Before entering default judgment, courts should determine whether the Clerk's entry of default was proper; consider whether "the unchallenged

5

facts constitute a legitimate cause of action"; and weigh the following factors (commonly known as the *Emcasco* factors): "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a meritorious defense, and (3) whether the defendant's delay is due to culpable conduct." *GEICO Marine Ins. Co. v. Moskovitz*, 670 F. Supp. 3d 168, 172 (D.N.J. 2023) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

Here, the bankruptcy court properly determined that the entry of default was proper. On June 5, 2023, Navient Solutions filed a proof of claim on behalf of Ascendium that identifies the Debtor, an address where mailings could be served upon Ascendium, and the docket numbers of both the Chapter 7 proceeding and the adversary proceeding. (Civ. No. 23-10625, ECF No. 1-1 at 1.) The court concluded that "there is no question that [Ascendium] had notice of this proceeding." (Civ. No. 23-01134, ECF No. 39, at 4). Counsel for Ascendium conceded that Ascendium had been put on notice and does not otherwise contest this point on appeal. (*See id.* at 5.)

The next factor is whether "the unchallenged facts constitute a legitimate cause of action." *Moskovitz*, 670 F. Supp. 3d 168, 172. In the adversary proceeding, the bankruptcy court found that the Debtor had "set forth a prima facie case . . . to declare the obligations ow[ed] to Ascendium, as of the date of the filing, dischargeable." (*Id.* at 8.) And ECMC's arguments in both the underlying actions and the current appeal do not challenge the merits of the Debtor's underlying cause of action. In its motion for reconsideration in the adversary proceeding, ECMC argued that by the time the bankruptcy court discharged the Debtor's student loans, "the record included clear evidence that the Loans had been assigned from Ascendium to ECMC." (ECF No. 37-1 at 6.) As a result, according to ECMC, the default judgment "is ineffective to discharge *any* of the Loans, which are now held by ECMC. Allowing such a result to stand creates confusion and would be an injustice to all parties, including the Debtor." (*Id.*) ECMC repeats these arguments on appeal.

6

(Civ. No. 23-21341, ECF No. 15, at 14 ("The result of this entire morass is a judgment that incorrectly ascribes ownership of the Loans to Ascendium and creates confusion as to the status of their discharge.").) But nothing in ECMC's arguments demonstrates to the Court that the Debtor failed to set forth a prima facie case that the Loans were dischargeable. As the bankruptcy court noted when denying ECMC's motion for reconsideration, Ascendium "acknowledge[ed] and admit[ted]" through the proof of claim filed on its behalf that it was the holder and rightful creditor of the Loans at the time the adversary proceeding was initiated. (Civ. No. 23-01134, ECF No. 53, at 3.) Despite "ample opportunity," at no time did ECMC move to intervene or file a notice of transfer of claim under the Federal Rules of Bankruptcy Procedure. (*Id.* at 2.) Without such filings, the bankruptcy court found that the letter-assignment submitted by ECMC was insufficient grounds to vacate the default judgment. (*Id.* at 3.) ECMC has not shown that such a finding was outside the bankruptcy court's "wide discretion," nor that the bankruptcy court's finding of a prima facie case was clear error. *Park*, 272 B.R. at 329,

Finally, the Court is not convinced that the *Emasco* factors weigh in favor of vacating the bankruptcy court's default judgment.

Turning first to prejudice to the Debtor — when a defendant "fails to respond to a plaintiff's claims, the plaintiff will be prejudiced absent a default judgment because [the] plaintiff will be left with no other means to vindicate [its] claims." *Tryg Ins. v. C.H. Robinson Worldwide, Inc.*, Civ. No. 15-5343, 2017 WL 11491955, at *3 (D.N.J. Nov. 28, 2017) (quoting *United States v. DiPiazza*, No. 16-518, 2016 WL 7015625, at *2 (D.N.J. Nov. 30, 2016)). ECMC argues here that the Debtor "would have suffered no prejudice whatsoever by denying his request to enter judgment by default" because the Debtor "would have had every opportunity to argue that he was entitled to an undue hardship discharge of the Loans" in an action against ECMC. (Civ. No. 23-21341, ECF

No. 15 at 16-17.)

The Court disagrees. The sole defendant that was on notice of the adversary proceeding had failed to file an answer. (Civ. No. 23-01134, ECF No. 39 at 8.) The only answer before the bankruptcy court was "filed on behalf of a party that [was] not a named party in the proceeding." (*Id.*) And critically, ECMC's presence did not provide the Debtor with a separate opportunity to litigate his claims because ECMC never filed a motion to intervene. Instead, ECMC filed a five-paragraph opposition (ECF No. 19) to the Debtor's motion asking the bankruptcy court to prohibit ECMC from intervening (ECF No. 7-1 at 1). Attached to ECMC's objection was Ascendium's June 20, 2023 letter-assignment of the Loans to ECMC. ECMC argues on appeal that based on its filing, it should not have been "denied intervention," and that "the bankruptcy court skirted the critical loan ownership issue." (Civ No. 23-21341, ECF No. 15 at 13.) But the bankruptcy court did not "deny intervention" or avoid "adjudicating that issue on a substantive basis" where ECMC never moved to intervene to begin with. (*Id.*) Instead, the bankruptcy court noted that as of August 15, 2023, there was "no motion to intervene in this case" despite ECMC having filed an answer on June 8. (Civ. No. 23-01134, ECF No. 39 at 8.) In fact, the bankruptcy court provided ECMC with another opportunity to intervene when it advised ECMC that it was entitled to move to vacate the default judgment, but that it "would need to file . . . a motion to reopen the case, move to intervene, and then [to] vacate the judgment." (ECF No. 8-9.) Instead, ECMC filed its motion for reconsideration, which the bankruptcy court denied "absent a notice of transfer," and "absent a motion to intervene." (ECF No. 53 at 3.) In doing so, the bankruptcy court acted within its discretion. Denying default judgment, therefore, would have prejudiced the Debtor by depriving him of the ability to vindicate his claims. *Tryg*, 2017 WL 11491955, at *3.

The Court turns next to "whether the defendant appears to have a meritorious defense."

*Moskovitz*, 670 F. Supp. 3d at 172.  A defense "will be deemed meritorious when the allegations of the pleadings, if established at trial, would . . . constitute a complete defense." *Tryg*, 2017 WL 11491955, at *3 (quoting *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 869-70 (3d Cir. 1984)).  ECMC's brief on appeal does not explain how its answer in the adversary proceeding raised any meritorious defenses.  Instead, ECMC argues that because the Debtor would have had the burden of proving undue hardship, ECMC "would have had the opportunity to contest his claims."  (Civ No. 23-21341, ECF No. 15 at 18.)  ECMC merely observes that it would have had the ability to defend against the Debtor's claims, but has offered nothing to show that its defense would be meritorious.

The final factor is "whether the defendant's delay is due to culpable conduct." *Moskovitz*, 670 F. Supp. 3d at 172.  ECMC argues that both parties "acted promptly in accordance with the guaranty claim submitted by Wells Fargo and the assignment of the Loans from Ascendium to ECMC."  (ECF No. 15 at 19.)  But ECMC provides no legal authority showing that Ascendium's assignment of the Loans to ECMC excused Ascendium from answering the Debtor's complaint.  And even though ECMC's Answer was timely, it was neither a named defendant nor the current holder of the Loans at the time it filed its Answer.  (*See* ECF No. 15 at 19.)  Nor did ECMC move to intervene despite ample opportunity to do so.

Other courts have affirmed default judgment in similar circumstances, even where the nonparty seeking to vacate the default judgment had filed a motion to intervene.  For example, in *In re Bernal*, a debtor filed a petition under Chapter 7 seeking to discharge her student loans on the ground of undue hardship.  207 F.3d 595, 596 (9th Cir. 2000).  The loans were obtained from Citibank and guaranteed by the California Student Aid Commission (CSAC) under the FFELP.  *Id.*  The debtor's bankruptcy petition "entitled Citibank to call on the guarantee of CSAC, so . . .

Citibank assigned and delivered the four notes to CSAC." *Id.* After the debtor initiated an adversary proceeding against CSAC to determine the dischargeability of her student loans, CSAC failed to respond, and default was entered against CSAC. *Id.* at 597. After default was entered, "CSAC assigned and transferred the four notes to ECMC." *Id.* Even though ECMC was not yet a party, it filed an answer, counterclaim, motion to intervene, and motion to set aside the default judgment. *Id.* The bankruptcy court denied ECMC's motion, and both the United States Bankruptcy Appellate Panel of the Ninth Circuit and the United States Court of Appeals for the Ninth Circuit affirmed. *Id.* The Ninth Circuit found that because ECMC was not a party to the original suit, but acquired its interest "only by virtue of the assignment," it "must therefore stand in [CSAC's] shoes with respect to all phases of the litigation." *Id.* at 598 (quoting *Deauville Assoc. v. Murrell*, 180 F.2d 275, 277 (5th Cir. 1950). ECMC's motion to intervene was properly denied because ECMC should have filed a motion for substitution under Fed. R. Civ. P. 25, which "is designed to allow the action to continue unabated when an interest in the lawsuit changes hands" and would have required ECMC to "explain why CSAC, its predecessor, allowed its default to be taken." *Id.* at 598-99.[4]

Here, unlike the guarantor in *Bernal*, Ascendium assigned the Loans to ECMC before default was entered. But Ascendium's assignment of the Loans did not excuse its failure to timely answer. *See also In re Garmhausen*, 262 B.R. 217, 219 (E.D.N.Y. 2001) (denying a motion to intervene by a party who became the owner of the debtor's student loans after the debtor had initiated the adversary proceeding and before entry of default). Like in *Bernal*, ECMC could have

---

[4] Rule 25(c), which applies to adversary proceedings through Fed. R. Bankr. P. 7025, states that if "an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party."

10

filed a motion to be substituted for Ascendium, which would have required ECMC to explain why its predecessor allowed default to be entered. When ECMC did not file a motion to be substituted or even a motion to intervene, the bankruptcy court acted within its discretion when granting default judgment.

## IV.   CONCLUSION

For the foregoing reasons, and other good cause shown, Appellee's Motion to Dismiss is **DENIED**, and the bankruptcy court's Order is **AFFIRMED**. An appropriate Order follows.

Dated: May 31, 2024

*Georgette Castner*
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE